Mr. Barry Emigh 1720 Arrowhead Rd., Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted popular names and ballot titles for similar proposed measures. I rejected those submissions on the grounds of certain ambiguities in the text of the proposed measures. See Ops. Att'y Gen. Nos. 99-326; 99-284. After clarification of the ambiguities, you resubmitted a proposed popular name and ballot title for my review. This resulted in the issuance of Opinion99-367. In that Opinion, I substituted a more suitable, complete and accurate popular name and ballot title for the ones you proposed. You have elected to make several changes in the text of your proposed amendment, and have thus again submitted a proposed popular name and ballot title for my certification:
 POPULAR NAME AN AMENDMENT PROVIDING FOR THE CLASSIFICATION OF THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA AS A MISDEMEANOR AND FOR THE DECRIMINALIZATION OF THE POSSESSION OF MARIJUANA FOR MEDICINAL PURPOSES
 BALLOT TITLE AN AMENDMENT PROVIDING FOR THE CLASSIFICATION OF THE POSSESSION OF A QUARTER OF AN OUNCE OR LESS OF MARIJUANA AS A MISDEMEANOR PUNISHABLE BY A FINE OF SEVENTY-FIVE DOLLARS; PROVIDING FOR THE CLASSIFICATION OF THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA BUT MORE THAN A QUARTER OF AN OUNCE OF MARIJUANA AS A MIDSEMEANOR PUNISHABLE BY A FINE OF ONE HUNDRED FIFTY DOLLARS; PROVIDING THAT PERSONS SERVING JAIL SENTENCES AT THE TIME OF THE PASSAGE OF THIS AMENDMENT FOR THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA SHALL HAVE THE PART OF THE JAIL SENTENCE THAT IS ATTRIBUTABLE TO THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA DISMISSED FROM THEIR JAIL SENTENCES; PROVIDING FOR THE DECRIMINALIZATION OF THE POSSESSION, WITHOUT A PRESCRIPTION, OF CULTIVATED MARIJUANA PLANTS IN A MANNER NOT OBVIOUS TO THE PUBLIC SIGHT OR ACCESSIBLE TO THE PUBLIC BY PERSONS DIAGNOSED BY A LICENSED MEDICAL PHYSICIAN WITH A TERMINAL DISEASE, CHRONIC ILLNESS, OR CHRONIC PAIN; PROVIDING FOR THE DECRIMINALIZATION OF THE POSSESSION, WITHOUT A PRESCRIPTION, OF HARVESTED MARJUANA IN AN AMOUNT EQUAL TO HALF AN OUNCE OR LESS BY PERSONS DIAGNOSED BY A LICENSED MEDICAL PHYSICIAN WITH A TERMINAL DISEASE, CHRONIC ILLNESS, OR CHRONIC PAIN; PROVIDING FOR THE EXCLUSION OF PERSONS WHO ARE FOUND GUILTY OF THE OFFENSE OF POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA, OR WHO HAVE PLED GUILTY OR NO CONTEST TO THE OFFENSE OF POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA FROM THE LAWS AFFECTING REPEAT OFFENDERS; PROVIDING THAT PERSONS SERVING JAIL SENTENCES AT THE TIME OF THE PASSAGE OF THIS AMENDMENT AS REPEAT OFFENDERS FOR THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA SHALL HAVE THE PART OF THE JAIL SENTENCE THAT IS ATTRIBUTABLE TO THE POSSESSION OF HALF AN OUNCE OR LESS OF MARIJUANA DISMISSED FROM THEIR JAIL SENTENCES; PROVIDING FOR THE AMENDMENT TO BE SELF-EXECUTING AND TO TAKE EFFECT IMMEDIATELY UPON PASSAGE; REQUIRING ALL STATE OR LOCAL RULE-MAKING AUTHORITIES TO MAKE ALL LAWS AND REGULATIONS NECESSARY TO THE ENFORCEMENT OF THIS AMENDMENT; PROVIDING FOR THE SEVERABILITY OF THE PROVISIONS OF THIS AMENDMENT AND FOR THE REPEAL OF ALL LAWS INCONSISTENT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed measure that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion, consistent with Opinion99-367, that the submitted popular name and ballot title should be approved as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure